No. 93,444

STATE OF KANSAS, *Appellee*, v. JOSE I. ROJAS, *Appellant*.

(127 P.3d 247)

Opinion filed February 3, 2006.

*Matthew J. Edge*, assistant appellate defender, was on the brief for appellant.

*Charles L. Rutter*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: In 1986, Jose I. Rojas was charged with two counts of first-degree premeditated murder and two counts of aggravated kidnapping in connection with the shooting deaths of Alice Schmidt (his girlfriend) and her acquaintance Akil Ahmed. In 1987, as a result of a plea agreement, defendant pled guilty to one aggravated kidnapping charge and two second-degree murder charges. He was sentenced to life imprisonment on the aggravated kidnapping conviction and 15 years to life on each of the second-degree murder convictions. The sentences were to be served consecutively.

Defendant filed a direct appeal therefrom, contending the court erred in (1) denying his motion to withdraw his plea; and (2) running the sentences consecutively. We affirmed the district court. *State v. Rojas*, No. 61,498, unpublished opinion filed June 3, 1988.

In 2004, defendant filed a pro se motion to correct an illegal sentence under authority of K.S.A. 22-3504. In his motion, defendant claimed the sentence on his aggravated kidnapping conviction was illegal by virtue of the district court's imposition of sentence without consideration of the statutory factors set forth in K.S.A. 21-4606(b). In dismissing the motion, the district court correctly noted that the statutory sentence for aggravated kidnapping was life and, therefore, the K.S.A. 21-4606(b) sentencing factors were inapplicable.

On appeal, defendant makes no claims of illegality as to the aggravated kidnapping conviction. Rather, he shifts his focus to the sentences on the two second-degree murder convictions (15 years to life). The defendant contends that he challenged *all* of his sentences before the district court, and in support, points to his motion before the district court in which he argued that "the trial court abused its discretion in imposing any sentence upon Movant without proper consideration of the sentencing policy and factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606."

Although that single sentence seems to indicate the defendant's motion concerned the legality of all of his sentences, the motion read in its entirety clearly reveals that his claim was directed solely at his aggravated kidnapping sentence. The State's response to the motion, and the district court's ruling, show that they interpreted the motion as directed only at the life sentence. The legal issues concerning compliance with K.S.A. 21-4606(b) when imposing a mandatory life sentence are different than they are when imposing a sentence that requires the court to fix a minimum term. Thus, the defendant's failure to clearly challenge the second-degree murder sentences below deprived the district court of the opportunity to address this claim and rule on it. It is for this reason that, as a general rule, a matter not presented to the lower court will not be considered on appeal. See *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003).

There is authority for us to determine an issue not specifically raised where only a question of law is involved, the facts are not in dispute, and the issue is determinative of the case. See *State v. Schroeder*, 279 Kan. 104, 116, 105 P.3d 1237 (2005). Inasmuch as

the issue of the relationship or lack thereof between K.S.A. 21-4606(b) and K.S.A. 22-3504 as to nonlife sentences needs resolution, we will decide the issue as to the two second-degree murder convictions.

An illegal sentence has been defined as "a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served." *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 (1997).

In an unpublished opinion, a panel of the Court of Appeals held that the failure to make the findings required by K.S.A. 21-4606(b) at sentencing does not render the sentence illegal:

"Newson does not argue the district court lacked jurisdiction or that his sentence was ambiguous. He simply argues the court failed to comply with the statutory provision requiring the court to consider the factors listed in K.S.A. 21-4606. Although his argument is that the court did not conform to the statutory provision, his claim does not allege that his sentence violated the statute in either character or the term of punishment authorized. As such, Newson's claim of illegal sentence does not fit within the definition of an 'illegal sentence' as established by the court in [*State v. Johnson*, 269 Kan. 594, 600, 7 P.3d 294 (2000)]. 269 Kan. at 600, 7 P.3d 294." *State v. Newson*, No. 89,155, unpublished opinion filed April 16, 2004, *rev. denied* 278 Kan. 850.

We agree that a sentencing court's failure to make findings pursuant to K.S.A. 21-4606(b) does not render the sentence an "illegal sentence" under K.S.A. 22-3504.

The judgment of the district court is affirmed.