(152 P.3d 85)

No. 95,310

STATE OF KANSAS, *Appellee*, v. CHARLES R. HAWKINS, JR., *Appellant*.

Opinion filed February 16, 2007.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, for appellant

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., GREENE and HILL, JJ.

RULON, C.J.: Defendant Charles R. Hawkins, Jr., appeals his jury conviction for driving under the influence of alcohol (DUI) on the basis the district court improperly admitted evidence of the defendant's refusal to submit to a breathalyzer test. The defendant further appeals his convictions for failing to stop at a stop sign, failing to dim his vehicle's headlights, and making an illegal right turn, contending the addition of these charges constituted a violation of double jeopardy. Additionally, the defendant alleges error in the district court's order to reimburse the Board of Indigents'

Defense Services (BIDS) for application and attorney fees without first considering the defendant's ability to pay. We affirm in part, reverse and vacate in part, and remand with directions.

The primary issue in this appeal concerns the admission of evidence regarding the defendant's breath test refusal in his DUI trial. The defendant contends the test refusal was elicited in response to a custodial interrogation and the defendant's refusal was both testimonial and communicative. Because the defendant had not been given *Miranda* warnings prior to refusing the test, he argues his statements should not have been used against him at trial. See *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, *reh. denied* 385 U.S. 890 (1966).

Although the precise issue before the court on appeal is difficult to ascertain, the parties seem to concede the evidentiary issues were not properly preserved for appeal. Before the district court, the defendant challenged the voluntariness of several of his statements to the officer conducting the traffic stop. Nevertheless, although the defendant generally objected to the officer's testimony on the basis of the pretrial motions, the defendant did not request a continuing objection and did not specifically object to the admission of each challenged statement. When, prior to trial, the district court rules that evidence is admissible, the party objecting to the evidence must lodge a timely and specific objection at trial when the evidence is offered to preserve the objection for appeal. See *State v. Lowe*, 276 Kan. 957, 961, 80 P.3d 1156 (2003). Therefore, this issue was not properly preserved.

Moreover, the issue presented in this appeal does not appear to concern any specific statements of the defendant but challenges the use of evidence that the defendant refused to submit to a breath test in his DUI trial. This issue was not presented to the district court. Because the district court was not given the opportunity to address the claim, the matter is not properly raised for consideration on appeal. *State v. Rojas*, 280 Kan. 931, 932, 127 P.3d 247 (2006).

Next, the defendant contends the district court violated the prohibition against double jeopardy under the Fifth Amendment to the United States Constitution by allowing the State to amend its

complaint to add three additional charges between the first full trial, which resulted in a hung trial, and the second full trial, which resulted in convictions of all charged offenses. Again, this issue was not raised before the district court and is not properly before this court. See *Rojas*, 280 Kan. at 932. Therefore, the defendant's convictions are affirmed.

The defendant's final issue in this appeal challenges the district court's order requiring the defendant to pay a $100 BIDS application fee and $1,400 in court-appointed attorney fees. The defendant alleges the district court failed to consider, on the record, the defendant's ability to pay such fees.

Although the defendant failed to raise this issue before the district court, the Kansas Supreme Court considered a similar issue for the first time on appeal. *State v. Robinson*, 281 Kan. 538, 541, 132 P.3d 934 (2006). In *Robinson*, the court held: "A sentencing court assessing fees to reimburse [BIDS] under K.S.A. 2005 Supp. 22-4513 must consider on the record at the time of assessment the financial resources of the defendant and the nature of the burden that payment of the fees will impose." 281 Kan. 538, Syl. ¶ 1. The present record is silent as to these considerations. Therefore, any attorney fees imposed in this case pursuant to K.S.A. 2006 Supp. 22-4513 must be reversed and vacated, and the case must be remanded for consideration of the defendant's financial condition before any attorney fees may be imposed pursuant to statute.

However, the State argues the holding of *Robinson* does not extend to the order requiring the defendant to pay the $100 application fee required by K.S.A. 2006 Supp. 22-4529. The State notes the language of K.S.A. 2006 Supp. 22-4513(b), which requires the district court to consider the defendant's financial position, is absent from K.S.A. 2006 Supp. 22-4529.

In *Robinson*, the district court had ordered Robinson to pay $745 to reimburse BIDS for attorney fees and to pay a $50 administrative fee. In reversing the imposition of those costs, the Kansas Supreme Court did not distinguish between the attorney fee expenditures and the administrative fee, stating:

"We recognize that subsection (a) of K.S.A. 2005 Supp. 22-4513 states that taxation of 'all expenditures' by BIDS shall occur and that neither subsection (a) nor subsection (b) explicitly states consideration of a defendant's financial resources must occur 'at sentencing.' However, reading the subsections together, this is their practical effect. The consideration must occur, and sentencing is the proceeding that routinely addresses BIDS reimbursement." 281 Kan. at 547.

Despite the broad language of the holding, *Robinson* did not specifically consider the issue raised by the State in this appeal. The *Robinson* court relied upon statutory interpretation of K.S.A. 2005 Supp. 22-4513(a) and (b) (not amended post-*Robinson*) to resolve the reimbursement issue. The *Robinson* court determined that 22-4513 provides two procedures for assessing the amount a criminal defendant is ordered to reimburse to BIDS. First, the sentencing court is required to consider the defendant's financial circumstances in setting the amount and payment method of reimbursement. Second, once the reimbursement amount is assessed, a criminal defendant may petition the court for a waiver of some or all of the BIDS expenditures upon a showing of a "manifest hardship" upon the defendant and his or her family. See 281 Kan. at 544.

In material part, K.S.A. 2006 Supp. 22-4513 provides:

"(a) If the defendant is convicted, *all expenditures* made by the state board of indigents' defense services *to provide counsel and other defense services to such defendant* or the amount allowed by the board of indigents' defense reimbursement tables . . ., whichever is less, *shall be taxed* against the defendant and *shall be enforced* as judgments for payment of money in civil cases.

"(b) In determining the amount and method of payment of such sum, the court *shall take account* of the financial resources of the defendant and the nature of the burden that payment of such sum will impose. A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court *may waive payment* of all or part of the amount due or modify the method of payment." (Emphasis added.)

In contrast, K.S.A. 2006 Supp. 22-4529 provides in material part:

"Any defendant entitled to counsel pursuant to K.S.A. 22-4503, and amendments thereto, *shall pay an application fee* in the amount of . . . $100 on or

after July 1, 2004, to the clerk of the district court. If it appears to the satisfaction of the court that payment of the application fee will impose manifest hardship on the defendant, the court *may waive payment* of all or part of the application fee. All moneys received pursuant to this section shall be remitted to the state treasurer in accordance with the provisions of K.S.A. 75-4215 . . . . Upon receipt of each such remittance, the state treasurer shall deposit the entire amount in the state treasury to the credit of the indigents' defense services fund. If the defendant is acquitted or the case is dismissed, any application fee paid pursuant to this section shall be remitted to the defendant." (Emphasis added.)

When interpreting a statute, an appellate court must apply the legislative intent as expressed in the language of the statute, if such language is unambiguous. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006). However, the language should be interpreted consistent with the act as a whole. *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, Syl. ¶ 2, 69 P.3d 1087 (2003).

When K.S.A. 22-4529 was enacted in 1997, the legislature amended several existing statutes to provide for the reimbursement of BIDS *expenditures*. See L. 1997, ch. 181, secs. 16, 17, 18, and 20 (enacting K.S.A. 22-4529; amending K.S.A. 21-4603, K.S.A. 21-4603d, and K.S.A. 22-3717). Whenever the reimbursement of BIDS expenditures was authorized, the legislature required the court to consider "the financial resources of the defendant and the nature of the burden that payment of such sum will impose." Each of these provisions is consistent with the language of K.S.A. 2006 Supp. 22-4513, which is also limited to BIDS expenditures.

However, the "application fee" referenced in K.S.A. 2006 Supp. 22-4529 clearly is not an expenditure incurred by BIDS in the defense of the defendant. By the statute's plain language, the BIDS application fee is incurred when a criminal defendant seeks appointment of indigent defense services under K.S.A. 2006 Supp. 22-4503 before the costs of any such services have been incurred by BIDS. The application fee is returned to a criminal defendant if the defendant is acquitted or there is a dismissal of the charged offense(s). Therefore, the application fee incurred under K.S.A. 2006 Supp. 22-4529 is distinct from the BIDS expenditures, which are assessed only after the defendant has been convicted. See K.S.A. 2006 Supp. 22-4513(a) (imposing BIDS expenditures only

after defendant is convicted); K.S.A. 2006 Supp. 21-4603(b) (mandating imposition of BIDS expenditures as part of sentencing: "In addition to [authorized dispositions], the court shall order the defendant to reimburse" BIDS expenditures.); K.S.A. 2006 Supp. 21-4603d (i) (same); K.S.A. 2006 Supp. 22-3717(m)(4) and (m)(5) (distinguishing between payment of BIDS application fee and payment of BIDS expenditures as conditions of parole or postrelease supervision).

Because the BIDS application fee requirement in K.S.A. 2006 Supp. 22-4529 is not included in the general reimbursement requirement for BIDS expenditures in K.S.A. 2006 Supp. 22-4513, the requirements of K.S.A. 2006 Supp. 22-4513(b), as interpreted by *Robinson*, are not applicable to the BIDS application fee. Based upon the plain language of K.S.A. 2006 Supp. 22-4529, a district court should make a "manifest hardship" determination at the time the BIDS application fee is incurred, *i.e.*, when the defendant seeks appointment of counsel. See K.S.A. 2006 Supp. 22-4504(d). However, whereas K.S.A. 2006 Supp. 22-4513(b) contains mandatory language requiring the district court to consider the defendant's financial resources before ordering the defendant to reimburse the BIDS expenditures incurred in his or her defense, K.S.A. 2006 Supp. 22-4529 contains mandatory language concerning payment of the application fee and discretionary language regarding a manifest hardship determination, *i.e.*, "the court *may* waive payment."

Furthermore, K.S.A. 2006 Supp. 22-4529 imposes the burden of producing evidence of manifest hardship upon a criminal defendant seeking waiver of the BIDS application fee. The statute permits the district court to waive the application fee "[i]f it appears to the satisfaction of the court" the application fee will impose a manifest hardship upon the defendant. This phrase is notably absent from the BIDS expenditures reimbursement determination required by K.S.A. 2006 Supp. 22-4513(b). See *Robinson*, 281 Kan. at 544.

At a minimum, K.S.A. 2006 Supp. 22-4529 requires a criminal defendant to object to the payment of the BIDS application fee on the basis of a manifest hardship. See K.S.A. 2006 Supp. 22-4504(d) (if found indigent, defendant shall be informed of terms

expected for payment of counsel). As noted, here, the defendant failed to present this issue before the district court at any time. Consequently, this court refuses to conclude the trial court erred when imposing the BIDS application fee.

Nevertheless, as the case must be remanded for consideration of the BIDS attorney fees imposed in this case, the defendant may raise the issue of the BIDS application fee and attempt to demonstrate the imposition of the application fee constitutes a manifest hardship.

We affirm the defendant's convictions, reverse and vacate the order imposing $1,400 in BIDS attorney fees; and remand the case for reconsideration of such attorney fees in light of *Robinson*.