No. 95,310

STATE OF KANSAS, *Appellee*, v. CHARLES R. HAWKINS, JR.,
*Appellant*.

(176 P.3d 174)

Opinion filed February 8, 2008.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Charles R. Hawkins, Jr., seeks review of the Court of Appeals decision in *State v. Hawkins*, 37 Kan. App. 2d 195, 152 P.3d 85 (2007), in which the court affirmed Hawkins' jury convictions for driving under the influence, failing to stop at a stop sign, failing to dim headlights, and making an illegal right turn; affirmed the district court's imposition of a Board of Indigents' Defense Services (BIDS) application fee; and reversed and vacated the district court's order for reimbursement of BIDS attorney fees. We affirm.

In the summer of 2003, Hawkins was charged with felony driving under the influence (DUI) and driving while suspended (DWS). Hawkins pled guilty to the DWS charge but went to trial on the DUI count in 2005. At trial, the district court read the complaint to the prospective jurors, which included an allegation that Hawkins had prior convictions for DUI. Accordingly, the district court granted the defense motion for a mistrial. A new trial commenced the next day, but ultimately the jury was unable to reach a verdict, and the court declared a second mistrial.

Prior to the third trial, the State filed an amended information, again charging Hawkins with felony DUI, but adding one count each of failure to stop at a stop sign, failure to dim headlights, and illegal right turn. Apparently, Hawkins did not challenge the State's amendment and proceeded to trial on the amended information.

As he had done prior to the first trial, Hawkins filed a motion for a *Jackson v. Denno* hearing, challenging admission of his statements made to the arresting officer, and a motion to suppress the results of the breathalyzer test. Hawkins' basis for suppression was his allegation that the officer first elicited his refusal to take the breath test during a custodial interrogation and, only afterward, gave him the required implied consent warnings. The court ruled that the officer had substantially complied with the implied consent warnings, and Hawkins does not challenge that ruling on appeal.

Hawkins' theory on the *Jackson v. Denno* motion centered on the arresting officer's testimony that the initial driver's license check revealed that Hawkins had two outstanding warrants and that the officer was going to arrest Hawkins on those warrants, regardless of the outcome the DUI investigation. Hawkins made the creative argument that, because he was under arrest on the warrants and not free to leave, all of the subsequent DUI investigation including the field sobriety testing was a custodial interrogation which had been effected without the required *Miranda* warnings. The district court found that "there is no need to give *Miranda* at that particular stage, or during this investigation."

At this trial, the jury convicted Hawkins on all four counts of the amended information. At sentencing, the court ordered Hawkins to reimburse BIDS in the amount of $1,400 attorney fees and $100 application fee.

In the Court of Appeals, Hawkins made three claims: (1) The district court erred in allowing the State to use Hawkins' refusal to submit to a breathalyzer against him at trial; (2) the district court violated Hawkins' rights under the compulsory joinder statute by allowing the State to add three counts to the information after he was convicted of DWS; and (3) the district court erroneously ordered the BIDS reimbursement without considering the defend-

ant's ability to pay, the financial burden the payment would inflict, and the validity of the attorney fees.

## EVIDENCE OF TEST REFUSAL

In his brief to the Court of Appeals, Hawkins acknowledged that his trial counsel had not objected at trial to the introduction of the evidence of his breath test refusal. However, citing to *State v. Puckett*, 230 Kan. 596, 598-99, 640 P.2d 1198 (1982), Hawkins pointed out that appellate courts have recognized three exceptions to the rule that issues may not be raised for the first time on appeal: (1) where the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) where consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) where the judgment of the district court may be upheld on appeal even though that court may have relied on the wrong ground or assigned a wrong reason for its decision. Hawkins declared, without elaboration, that this case fit within the first two exceptions.

The Court of Appeals found two impediments to appellate review. Hawkins did not lodge a timely and specific objection at trial, which is required even where the district court has made a pretrial ruling. See *State v. Lowe*, 276 Kan. 957, 961, 80 P.3d 1156 (2003). Further, the court found that the issue presented on appeal was not the same issue presented to the district court. The court then declared that "[b]ecause the district court was not given the opportunity to address the claim, the matter is not properly raised for consideration on appeal. [See] *State v. Rojas*, 280 Kan. 931, 932, 127 P.3d 247 (2006)." *Hawkins*, 37 Kan. App. 2d at 196. The court did not discuss the applicability of the proffered exceptions permitting first-time consideration on appeal.

In his petition for review, Hawkins begins by declaring: "The Court of Appeals found that it was not error for the district court to allow Mr. Hawkins' refusal to submit to a breathalyzer at trial. The Court of Appeals is incorrect." The petition then proceeds to discuss the merits of Hawkins' argument that *Miranda* warnings

were a prerequisite to the admissibility of his statement refusing the proffered breath test.

Of course, as noted, the Court of Appeals did not reach the merits of Hawkins' claim. Rather, the ruling on the table at this point is that Hawkins did not preserve the issue for appellate review. In that regard, Hawkins does not challenge the appellate court's finding that Hawkins failed to contemporaneously object to the introduction of the evidence or that the issue raised on appeal was not the same issue raised in his pretrial motions.

To get us to address the merits of the issue, Hawkins would need to convince us that the case presented such exceptional circumstances that the Court of Appeals was compelled to depart from the ordinary rules of appellate practice. However, neither the initial brief of appellant nor the petition for review provides any explanation as to why the judicially created exceptions should apply here. That omission could resolve the matter. See *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007) (issue not briefed deemed waived or abandoned).

However, we do acknowledge that appellate courts have been known to fill in the gaps for appellants failing to provide argument on an issue. If we were to do that here, we would nevertheless find that the exceptions listed by Hawkins do not compel appellate review.

Even if the issue is a question of law on undisputed facts, its resolution would not be finally determinative of the case. Hawkins' statement that he refused the breath test was only one small piece of the State's evidence, without which a rational jury could still have found him guilty.

Further, Hawkins' theory is contrary to existing statutory and case law. See K.S.A. 2006 Supp. 8-1001(i) ("The person's refusal shall be admissible in evidence against the person at any trial on a charge arising out of the alleged operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both."); see also *Pennsylvania v. Muniz*, 496 U.S. 582, 604 n.19, 110 L. Ed. 2d 528, 110 S. Ct. 2638 (1990) (a State may permit a suspect to refuse to take a breath or blood alcohol test but then allow comment upon that refusal at trial and such does not "com-

pel" the suspect to incriminate himself or herself and hence does not violate the privilege against self-incrimination); *State v. Bishop*, 264 Kan. 717, 724, 957 P.2d 369 (1998) (neither requesting a defendant to take a breath test nor the administration of an actual breath test amounts to an interrogation). We would not deem a request to change existing law, made for the first time on appeal, as falling within the necessitous circumstances of serving the ends of justice or preventing a denial of fundamental rights. Accordingly, we affirm the Court of Appeals' determination that Hawkins failed to preserve this issue for appellate review.

## COMPULSORY JOINDER

In his second issue, Hawkins raises an interesting question on the application of the compulsory joinder provisions of our statute codifying the prohibition against double jeopardy, K.S.A. 21-3108(2). If a defendant was formerly prosecuted for a different crime or for the same crime based upon different facts and that prosecution resulted in a conviction or acquittal, K.S.A. 21-3108(2)(a) bars a subsequent prosecution for crimes "of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely." However, K.S.A. 21-3108(2)(c)(ii) excepts the termination of a prosecution because of the "inability of the jury to agree" from the bar on a second prosecution, *i.e.*, a retrial following a hung jury mistrial is not prohibited.

Hawkins was convicted of the DWS charge, and he argues that the three traffic infractions could have been included in the complaint charging that crime. Curiously, however, to satisfy the requirement that evidence of the new crime was admitted in the former prosecution, Hawkins points to the introduction of evidence of the three traffic infractions at his trial on the DUI count, not to any evidence presented at the plea hearing on the DWS count. Accordingly, the State argues that the amendment of the DUI information was not barred because K.S.A. 21-3108(2)(c)(ii) permitted the retrial on the DUI charge after the former prose-

cution ended in a hung jury. In other words, the question would be whether Hawkins' guilty plea to one count of an information cut off the State's ability to amend the remaining portion of the information on which Hawkins elected to go to trial.

Again, however, the Court of Appeals did not reach the merits of the issue, summarily declaring: "Again, this issue was not raised before the district court and is not properly before this court. See *Rojas*, 280 Kan. at 932. Therefore, the defendant's convictions are affirmed." *Hawkins*, 37 Kan. App. 2d at 197. The opinion did not discuss the applicability of an exception to the rule.

On review, Hawkins again urges our consideration of the same two exceptions to the contemporaneous objection requirement: (1) where the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case; and (2) where consideration of the questions raised for the first time on appeal is necessary to serve the ends of justice or to prevent denial of fundamental rights. See *Puckett*, 230 Kan. at 598. Additionally, defendant argues that "the compulsory joinder rule is a jurisdictional instrument, codifying the double jeopardy clause," and thus limits the jurisdiction of the district court to try a defendant on the newly added charges.

Our consideration of Hawkins' cursory reference to the compulsory joinder rule being a "jurisdictional instrument" is hampered by his failure to flesh out the argument. The complaint or information is the jurisdictional instrument. See *State v. Brown*, 280 Kan. 898, 901, 127 P.3d 257 (2006); *State v. Sims*, 254 Kan. 1, 9, 862 P.2d 359 (1993). Perhaps Hawkins intends to argue that a defendant cannot waive any double jeopardy infirmity in the amendment of a complaint or information.

This court has reviewed double jeopardy issues for the first time on appeal where we have found the defendant's fundamental right to a fair trial was implicated. *State v. Walker*, 283 Kan. 587, 609, 153 P.3d 1257 (2007) (reviewing for the first time on appeal whether sentencing for both felony murder and discharge of a firearm at an occupied dwelling violates double jeopardy); *State v. Dubish*, 234 Kan. 708, 718, 675 P.2d 877 (1984) (reviewing double jeopardy issue involving multiplicity). On the other hand, we have

found that double jeopardy is an affirmative defense that a defendant waives by failing to raise the defense in a timely manner and by proceeding to trial a second time. *State v. Ward*, 198 Kan. 61, 64, 422 P.2d 961 (1967); *Cox v. State*, 197 Kan. 395, 402, 416 P.2d 741 (1966).

Under the circumstances of this case, the defense's failure to object to the amended information is particularly compelling. Hawkins' plea to DWS left him in an all or nothing trial on the DUI charge. The addition of the traffic infractions did not subject him to any significant risk of additional incarceration and, in fact, the convictions resulted in fines of only $60 per count. Defense counsel may well have perceived a benefit to going to trial on the new, multiple-count information that outweighed the risk presented by the additional traffic counts.

Granted, characterizing the defense's failure to object to the amended complaint as trial strategy is purely conjectural in this case. The point, however, is that the defendant should have the option of proceeding to trial on the amended information if he or she deems it to be advantageous. We are loath to remove that option by declaring that a defendant is incapable of waiving any statutory or constitutional infirmity presented by the amendment. Accordingly, requiring a defendant to signify his or her option by raising an objection prior to proceeding to trial on the amended information is not fundamentally unfair. Accordingly, we find no compelling exception and affirm the Court of Appeals' decision that the issue was not preserved for appellate review.

## BIDS APPLICATION FEE

At sentencing, the district court ordered Hawkins to pay $1,400 to reimburse BIDS for the attorney fees expended in his defense and to pay the $100 BIDS administrative (application) fee. The Court of Appeals vacated the order imposing the BIDS attorney fees reimbursement and remanded the case for consideration of the statutory factors under K.S.A. 2006 Supp. 22-4513, pursuant to our decision in *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006). *Hawkins*, 37 Kan. App. 2d at 197-201. In *Robinson*, 22-4513 was interpreted to require the sentencing judge, when de-

termining the amount and method of payment of the BIDS attorney fees reimbursement, to consider on the record the financial resources of the defendant and the nature of the burden the payment will impose. 281 Kan. at 543-44. Here, the sentencing judge had not made the requisite findings in conjunction with the attorney fees order. Hawkins does not challenge that ruling.

*Robinson* did not distinguish between the attorney fees/defense services fees and the $100 administrative/application fee. See *State v. Davis*, 283 Kan. 569, 586, 158 P.3d 317 (2007) (BIDS reimbursement order reversed in its entirety); *State v. Moody*, 282 Kan. 181, 182, 198, 144 P.3d 612 (2006) (defendant challenged BIDS attorney and administrative fees; reversed and remanded without distinguishing between attorney fees and application fee). In this case, however, the State separately challenged the application fee, asserting that the *Robinson* holding should not extend to the application fee required by K.S.A. 2006 Supp. 22-4529, because that statute does not contain the same language as K.S.A. 2006 Supp. 22-4513(b), upon which *Robinson* relied. The Court of Appeals agreed, affirming the order for Hawkins to pay the $100 application fee. Hawkins takes exception to that ruling. *Hawkins*, 37 Kan. App. 2d at 201.

The Court of Appeals compared the applicable statutes, and we will do the same, employing an unlimited review. See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006) (statutory interpretation a question of law over which appellate court has unlimited review). K.S.A. 2006 Supp. 22-4513(a) provides that if the defendant is convicted, the "expenditures" made by BIDS "to provide counsel and other defense services to such defendant" shall be taxed against the defendant. Subsection (b) contains the language that *Robinson* found controlling: "In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 2006 Supp. 22-4513(b).

In contrast, K.S.A. 2006 Supp. 22-4529 provides, in relevant part:

"Any defendant entitled to counsel pursuant to K.S.A. 22-4503, and amendments thereto shall pay an application fee in the amount of . . . $100 on or after July 1, 2004, to the clerk of the district court. *If it appears to the satisfaction of the court that payment of the application fee will impose manifest hardship on the defendant, the court may waive payment of all or part of the application fee*. . . . If the defendant is acquitted or the case is dismissed, any application fee paid pursuant to this section shall be remitted to the defendant." (Emphasis added.)

As the Court of Appeals pointed out, the application fee was obviously not intended to fall within the category of defense services governed by 22-4513, because the application fee would be incurred when the defendant seeks the appointment of counsel, before any defense services would have been rendered. *Hawkins*, 37 Kan. App. 2d at 199. Likewise, 22-4529 provides for the return of the application fee if the defendant is acquitted or the case dismissed. Such a provision would be unnecessary under 22-4513(a), which only taxes the attorney fees and other defense services expenditures "[i]f the defendant is convicted." Likewise, we note that K.S.A. 2006 Supp. 21-3836(c) makes payment of the application fee a condition of any pretrial release for a defendant who requests or is entitled to the assistance of counsel under K.S.A. 2006 Supp. 22-4503, which obviously contemplates an assessment of the fee prior to conviction.

In short, the provisions of K.S.A. 2006 Supp. 22-4513 upon which *Robinson* was based were not intended to apply to the application fee. Instead, a determination is to be made at the time that a defendant applies for counsel as to whether "payment of the application fee will impose manifest hardship on the defendant." K.S.A. 2006 Supp. 22-4529.

The Court of Appeals opined that the language of 22-4529, making waiver discretionary and prefacing waiver on the condition, "[i]f it appears to the satisfaction of the court," places the burden of producing evidence of manifest hardship upon the criminal defendant seeking waiver of the BIDS application fee. *Hawkins*, 37 Kan. App. 2d at 200. The Court of Appeals said that "[a]t a minimum, K.S.A. 2006 Supp. 22-4529 requires a criminal defendant to object to the payment of the BIDS application fee on the basis of

a manifest hardship." 37 Kan. App. 2d at 200. Hawkins never objected to the $100 application fee, either when the district court ordered it to be paid within 30 days of the first appearance or when the district court again ordered at sentencing that it be paid. Therefore, the Court of Appeals refused to find the district court's order on the $100 application fee to be erroneous, albeit the court noted that Hawkins would have another opportunity to demonstrate the manifest hardship of the application fee when the case was remanded for consideration of the attorney fees reimbursement. 37 Kan. App. 2d at 201.

Hawkins does not challenge the statutory analysis of the Court of Appeals decision. Rather, his brief argument on review complains that the decision requires a defendant to request a waiver of the application fee at the time the defendant is requesting appointed counsel; that a nonlawyer defendant would not know of his or her right to a waiver of the application fee prior to being appointed counsel; and that "the imposition of such a rule would be unfair."

Contrary to Hawkins' suggestion, we do not perceive that the Court of Appeals promulgated a new rule about the timing of the application fee assessment. The legislative enactments obviously contemplate that the application fee, as the name suggests, is to be assessed at the time the defendant applies for court-appointed counsel. That is also the logical and practical point at which the district court should make the determination on waiving a part or all of the fee.

In conjunction with applying for court-appointed counsel, the defendant is required to file an affidavit as to his or her financial condition. The court may interrogate the defendant under oath concerning the affidavit's contents, may direct the prosecutor or other county officer to investigate defendant's financial condition, or may require the production of evidence on the issue of defendant's inability to employ counsel. K.S.A. 2006 Supp. 22-4504(a). Upon the basis of the affidavit and such other evidence as may be brought to the court's attention, the court is to make a determination whether the defendant is indigent, in full or in part, or

whether the defendant is financially able to employ his or her own counsel. K.S.A. 2006 Supp. 22-4504(b).

"In making such determination the court shall consider the defendant's assets and income; the amount needed for the payment of reasonable and necessary expenses incurred, or which must be incurred to support the defendant and the defendant's immediate family; the anticipated cost of effective representation by employed counsel; and any property which may have been transferred or conveyed by the defendant to any person without adequate monetary consideration after the commission of the alleged crime." K.S.A. 2006 Supp. 22-4504(b).

Thus, determining whether payment of the application fee would impose manifest hardship on the defendant would be but a minor extension of the analysis which the district court is already performing when assessing eligibility for court-appointed counsel.

Where we may depart from the Court of Appeals decision is in its suggestion that the phrase, "[i]f it appears to the satisfaction of the court," indicates that the defendant has the burden of coming forward to plead and prove manifest hardship with additional evidence. *Hawkins*, 37 Kan. App. 2d at 200. Rather, we perceive that phrase should be read in conjunction with the investigation into defendant's financial condition which will be performed pursuant to K.S.A. 2006 Supp. 22-4504. See *Pankratz Implement Co. v. Citizens Nat'l Bank*, 281 Kan. 209, 215, 130 P.3d 57 (2006) (courts should construe various provisions of an act *in pari materia* with view to reconcile and bring them into workable harmony).

If the district court receives an application for counsel that is not accompanied by the application fee, the court should be able to determine from the affidavit and other evidence gathered to assess eligibility for court-appointed counsel whether payment of the $100 application fee would impose a manifest hardship upon defendant. At that point, the district court may order the application fee to be paid or may waive all or part of the fee. Only if a defendant seeks to modify an order to pay the fee would the defendant bear the additional burden described by the Court of Appeals. Moreover, if any fee ordered by the court remains unpaid at sentencing, the district court may include the unpaid fee in its sentencing order without additional findings.

In this case, at Hawkins' first appearance, the district court ordered him to pay the application fee within 30 days. Apparently, Hawkins did not comply with that order and no action was taken to enforce it prior to sentencing. Nevertheless, an order was in place which Hawkins never attempted to modify. The sentencing court was not required to make any further inquiry. Accordingly, the Court of Appeals did not err in affirming the $100 application fee.

We affirm the Court of Appeals' decision in affirming the defendant's convictions, reversing and vacating the order imposing $1,400 in BIDS attorney fees, and remanding the case for reconsideration of such attorney fees. The district court is directed to make the findings regarding defendant's reimbursement of BIDS attorney fees, considering K.S.A. 2006 Supp. 22-4513 and pursuant to our decision in *State v. Robinson* 281 Kan. 538, 543-l46, 132 P.3d 934 (2006).

Affirmed.