NOT DESIGNATED FOR PUBLICATION

No. 116,064

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISRAEL FELICIANO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed August 11, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*: Israel Feliciano was charged in Sedgwick County District Court case No. 14-CR-2164 with five counts of aggravated indecent liberties with a child. As part of a plea agreement which included another consolidated case, Feliciano pled no contest to one count of aggravated indecent solicitation of a child in case No. 14-CR-2164 and to one count of aggravated endangerment of a child in the consolidated case. He was sentenced in case No. 14-CR-2164 to a prison term of 32 months, with lifetime postrelease supervision due to the nature of the crimes. On appeal Feliciano challenges the constitutionality of lifetime postrelease supervision.

1

We find that Feliciano's case-specific claims fail for lack of preservation and his categorical challenges are substantively unmeritorious under well-settled Kansas law. The judgment of the district court imposing lifetime postrelease supervision is affirmed.

The crimes of conviction involved Feliciano's stepdaughters, ages 5 and 11 years old at the time. The misconduct with the 11-year-old girl was alleged to have continued over a period of 8 to 9 months. At the plea hearing, Feliciano acknowledged the sentence for aggravated indecent liberties with a child included a lifetime postrelease supervision term. Neither he nor his counsel objected to this term. At the subsequent sentencing hearing, Feliciano and his counsel again acknowledged the lifetime postrelease supervision term, and this time his counsel raised nonspecific objections. The district court sentenced Feliciano to 32 months' imprisonment, required that he register as a sex offender, and imposed the lifetime postrelease supervision from which Feliciano now appeals.

The heart of Feliciano's argument is that the lifetime postrelease supervision requirement in K.S.A. 22-3717(d)(1)(G) constitutes cruel and unusual punishment and is disproportionate to his crimes in violation of § 9 of the Bill of Rights of the Kansas Constitution and the Eighth Amendment to the United States Constitution.

Ordinarily, constitutional challenges to a statute raise questions of law subject to de novo review on appeal. *State v. Allen,* 283 Kan. 372, 374, 153 P.3d 488 (2007). Our preliminary inquiry is whether Feliciano has preserved the issues for appeal—which is itself a question of law subject to de novo review.

An appellant must make a specific objection in the district court to preserve a constitutional argument for appeal. Our Supreme Court has often rejected appeals that claim a term-of-years sentence constitutes cruel and unusual punishment in cases where "'there was no effort before the district court to present the issue.' *State v. Mondragon*,

2

289 Kan. 1158, 1164, 220 P.3d 369 (2009)." *State v. Raskie*, 293 Kan. 906, 923, 269 P.3d 1268 (2012) (citing additional cases).

Our Supreme Court found insufficient preservation where the defendant merely stated that the statutory minimum sentence would "'amount to cruel and unusual punishment'" in his motion for a downward departure sentence. *State v. Garza*, 290 Kan. 1021, 1032, 236 P.3d 501 (2010). Conversely, it found adequate preservation where the defendant mentioned his constitutional challenge to Jessica's Law during plea negotiations, included it in his written departure motion, and repeated the claim on the record at the sentencing hearing. *State v. Seward*, 289 Kan. 715, 718, 217 P.3d 443 (2009).

The efforts in this case do not even rise to the level of *Garza* because counsel did not make specific reference to a constitutional issue and he did not use any phraseology which would have suggested a constitutional challenge. At sentencing, Feliciano indicated he understood he would have to register as a sex offender and would be subject to lifetime postrelease supervision. Defense counsel then stated:

> "We will be raising our objection on the record for the—regarding the lifetime post-release supervision. Again, that, I think's, nonsensical.
> "My client is facing a maximum, I believe, of 38 months in prison, yet if he gets out and he's on lifetime post-release and he takes a Snickers bar then he can go to prison for life. That's ridiculous. So we would be placing our objection on the record about the lifetime post-release."

At the end of the hearing, when the district court asked if either counsel had comments on the sentence he had just pronounced, defense counsel stated, "Just our objection noted for—regarding the lifetime post-release, Your Honor." These objections fail to meet the standard of specificity for preservation of a constitutional objection to sentencing.

3

Our Supreme Court has recognized three exceptions to the general rule that an issue must be raised in the district court to preserve it for appeal:

"(1) Where the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) where consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) where the judgment of the district court may be upheld on appeal even though the court may have relied on the wrong ground or assigned a wrong reason for its decision." *State v. Hawkins,* 285 Kan. 842, 845, 176 P.3d 174 (2008).

An appellant claiming one of these exceptions must affirmatively assert it in his or her brief. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). If an issue was not raised and ruled on below, the appellant must set out in his or her brief an explanation of why the issue is properly before the court. Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34); *Godfrey*, 301 Kan. at 1043. The Kansas Supreme Court has made clear that Rule 6.02(a)(5) "means what it says and is ignored at a litigant's own peril." *Godfrey*, 301 Kan. at 1043 (citing *State v. Williams,* 298 Kan. 1075, 1085, 319 P.3d 528 [2014]). The failure to affirmatively argue that an exception applies results in the argument being deemed waived and abandoned. *Williams*, 298 Kan. at 1085.

Feliciano's brief wholly failed to invoke any exceptions, or indeed, to even make a reference to preservation of claims for appeal. The State raised the issue of preservation and focused its brief on the point that Feliciano had not raised the constitutional challenge before the district court. Although Feliciano could have attempted to cure this deficiency by filing a reply brief, he failed to do so. See *Godfrey,* 301 Kan. at 1043-44; *Williams,* 298 Kan. at 1085.

The failure to preserve his claim with a specific objection on constitutional grounds in the district court; the failure to invoke and explain any exception which would excuse that failure; and the failure to respond to the State's issue preservation arguments

4

may be construed as a waiver and abandonment of Feliciano's constitutional challenges. See *Godfrey,* 301 Kan. at 1044.

In any event, Feliciano fails to provide us with a sufficient record upon which to review his case-specific challenge under §9 of the Kansas Constitution Bill of Rights. Such claims are evaluated under the three *Freeman* factors. The first factor requires consideration of the following: "(1) The nature of the offense and the character of the offender should be examined with particular regard to the degree of danger present to society; relevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment." *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). This factor is inherently factual, precluding appellate review unless the district court made findings on the listed topics.

Here, the district court was not presented with any constitutional arguments and thus, did not make factual findings necessary for appellate review. Feliciano argues that we should remand for the district court to make factual findings as required by Supreme Court Rule 183(j) (2017 Kan. S. Ct. R. 222). However, that rule applies only in K.S.A. 60-1507 cases. The rule applicable here is Supreme Court Rule 165 (2017 Kan. S. Ct. R. 214). Our Supreme Court has placed the burden on the defendant to ensure adequate factual findings, which may require the defendant to file a Rule 165 motion to cause the district court judge to make findings and conclusions on the record. *Seward*, 289 Kan. at 720. A claim under § 9 of the Kansas Constitution Bill of Rights cannot be raised for the first time on appeal because the *Freeman* test includes both legal and factual inquiries, which means that appellate courts are unable to consider such arguments without the benefit of district court factfinding and analysis. *Williams*, 298 Kan. at 1084. Feliciano failed to obtain sufficient factual findings to enable appellate review. Accordingly, we dismiss Feliciano's § 9 claims.

5

Feliciano also argues unconstitutionality based on the Eighth Amendment to the United States Constitution. Eighth Amendment challenges are classified as case-specific or categorical. Just as in § 9 claims, case-specific Eighth Amendment challenges cannot be raised for the first time on appeal because they require factual findings and analysis from the district court. However, categorical proportionality challenges are not fact specific and generally raise questions of law, so they may be raised for the first time on appeal under certain circumstances. *State v. Dull*, 302 Kan. 32, 39, 351 P.3d 641 (2015) (citing *State v. Gomez,* 290 Kan. 858, 866, 235 P.3d 1203 [2010]), *cert. denied* 136 S. Ct. 1364 (2016). Even though *Dull* may have provided procedural clearance for Feliciano to bring a categorical proportionality challenge—if that is what he is attempting to do—it also substantively forecloses his claims.

In *Dull*, our Supreme Court reiterated its prior holdings that "mandatory lifetime postrelease supervision under K.S.A. 2014 Supp. 22-3717(d)(1)(G) is not categorically disproportionate for *adult* sex offenders, nor is it cruel and unusual punishment under the Eighth Amendment to the United States Constitution." 302 Kan. at 43 (citing *Williams,* 298 Kan. at 1089-90 [sexual exploitation of child]; *State v. Mossman,* 294 Kan. 901, 930, 281 P.3d 153 [2012] [aggravated indecent liberties with a child]; *State v. Cameron,* 294 Kan. 884, 898, 281 P.3d 143 [2012] [indecent solicitation of a child]). Our Supreme Court has also held that lifetime postrelease supervision for an adult defendant convicted of attempted indecent solicitation of a child was not cruel and unusual punishment. *State v. Funk*, 301 Kan. 925, Syl. ¶ 3, 349 P.3d 1230 (2015).

We are duty bound to follow Kansas Supreme Court precedent, absent some indication that the Supreme Court is departing from its previous position. *State v. Meyer,* 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no such indication, as illustrated by the *Dull* and *Funk* decisions. Thus, Feliciano's categorical constitutional challenges are foreclosed by well-settled Kansas law.

Affirmed.