NOT DESIGNATED FOR PUBLICATION

No. 115,217

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BOBBY RAY ELLIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; GARY HOUSE, judge. Opinion filed September 1, 2017. Affirmed in part, dismissed in part, vacated in part, and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY and BUSER, JJ.

BUSER, J.:  Bobby Ray Ellis entered a no contest plea and was convicted of possession of methamphetamine and residential burglary. On appeal, Ellis contends that the district court erred in sentencing him to prison time rather than to drug treatment pursuant to K.S.A. 2016 Supp. 21-6824, commonly known as Senate Bill 123. Ellis also contends that the district court erred in ordering him to pay $400 to reimburse the Board of Indigents' Defense Services (BIDS) for attorney fees and to pay the BIDS application fee without considering his financial resources or considering the burden that the imposition of these fees would place on him. In addition, Ellis contends that the district court erred in failing to consider his financial resources before ordering him to pay $200

1

for his Senate Bill 123 assessment. For the reasons set forth in this opinion, we vacate two parts of Ellis' sentence and remand this case to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 2015, Ellis entered a no contest plea to two charges. Specifically, he pled no contest to possession of methamphetamine, a severity level 5 drug felony in violation of K.S.A. 2014 Supp. 21-5706(a), and to residential burglary, a severity level 7 person felony in violation of K.S.A. 2014 Supp. 21-5807(a)(1). The district court accepted his plea and found him guilty of both charges.

Subsequently, Ellis received an SB 123 drug abuse assessment, which revealed there was a high probability that he had a moderate to severe substance abuse disorder. Additionally, Ellis' criminal risk-need assessment indicated a score of 40. After receiving the results from these assessments, Ellis filed a motion asking that the district court sentence him in accordance with SB 123, specifically K.S.A. 2014 Supp. 21-6824(a)(1).

The district court denied Ellis' motion, finding that he posed a risk to public safety, and sentenced him to a 30-month prison term for possession of methamphetamine, with 12 months of postrelease supervision. The district court also imposed a concurrent 12-month sentence for the residential burglary conviction. Additionally, the district court ordered Ellis to reimburse BIDS for attorney fees in the amount of $400 and ordered him to pay $200 for his SB 123 assessment.

Ellis timely appealed following the imposition of his sentence.

ANALYSIS

*Senate Bill 123 Drug Treatment*

On appeal, Ellis first contends that the district court erred by failing to sentence him to SB 123 drug treatment instead of imprisonment. However, we do not reach the merits of this issue. Instead, we find the issue to be moot under the circumstances presented.

On January 23, 2017, this court issued an order to show cause requiring Ellis to show why the issue relating to SB 123 drug treatment is not moot. In response, Ellis' attorney provided us with documentation showing that he was released from the Larned Correctional Mental Health Facility on December 30, 2016, and is currently on postrelease supervision in Montgomery County. Moreover, Ellis' attorney stated that "SB 123 treatment is the 'carrot' to the 'stick' of possible imprisonment—after the stick has been wielded, there is no point in offering the carrot." We agree.

Although it appears that the State released Ellis prior to the completion of his entire sentence, presumably on good time credits, it appears that the only possible relief on the SB 123 issue would be to extend Ellis' sentence. To now order that the district court sentence Ellis to probation after he has successfully completed his prison sentence would be tantamount to punishing him twice for the same offense. See *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed 2d 450 (1997); *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Currently, Ellis is on postrelease supervision until December 30, 2017. However, if the district court were to resentence him under SB 123, Ellis could face a period of probation of up to 18 months. See K.S.A. 2016 Supp. 21-6824(c) ("The term of treatment shall not exceed 18 months.").

The mere fact that Ellis continues to be on postrelease supervision does not necessarily mean that this appeal is not moot. *State v. Ludes*, No. 114,287, 2016 WL 6024640, at *3 (Kan. App. 2016) (unpublished opinion); see *State v. Nicolaides*, No. 114,239, 2016 WL 3856612, at *3 (Kan. App. 2016) (unpublished opinion) (probation revocation appeal was moot where defendant had been released from imprisonment but was still on postrelease supervision); *State v. Her*, No. 112,815, 2016 WL 3365755, at *4 (Kan. App. 2016) (unpublished opinion) (challenge to criminal history moot because defendant had served his prison sentence and resentencing could not affect his postrelease supervision); see also *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007). Thus, although we will address the other three issues presented by Ellis on the merits, we conclude that the issue of whether the district court erred in failing to sentence him to SB 123 drug treatment is now moot.

*Reimbursement of BIDS Attorney Fees*

Ellis next contends the district court violated K.S.A. 22-4513(b) and *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006), when it ordered him to reimburse BIDS for attorney fees without first considering his financial resources or considering the burden those fees might impose on him. To determine this issue, we must interpret K.S.A. 22-4513(b). Interpretation of a statute is a question of law over which we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Indigent defendants—such as Ellis—who are represented by BIDS attorneys are required to reimburse their attorney fees if they are found guilty. K.S.A. 22-4513. However, K.S.A. 22-4513(b) requires that a district court "take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." In other words, a district court must make this determination at the time the fee assessment is ordered. *Robinson*, 281 Kan. at 546 ("[T]he sentencing court, at the time of initial assessment, must consider the financial resources of the defendant and the nature

4

of the burden that payment will impose explicitly, stating on the record how those factors have been weighed in the court's decision."); see *State v. Clay*, 300 Kan. 401, 418, 329 P.3d 484 (2014).

A review of the record in this case reveals that the district court failed to elicit information regarding Ellis' financial resources prior to requiring reimbursement of the BIDS attorney fees. Moreover, we can find nothing in the record to show that the district court considered the burden that payment of the $400 BIDS fee would place on Ellis. Rather, it appears that the district court simply stated on the record: "I'm going to order you to pay court costs, a fingerprinting fee; submit your DNA and pay the fee; pay the BIDS' appointment fee. . . . I'm going to order you to pay half of the [BIDS] attorney fees of $800." We find this statement to be insufficient to meet the requirements of K.S.A. 22-4513. In fact, the State concedes this issue. Thus, we vacate this portion of Ellis' sentence and remand the issue of BIDS attorney fee reimbursement to the district court.

*Payment of BIDS Application Fee*

Ellis also contends that the district court erred in ordering him to pay the BIDS application fee. K.S.A. 22-4529 provides that a defendant "shall pay a [BIDS] application fee in the amount of . . . $100," but that "[i]f it appears to the satisfaction of the court that payment of the application fee will impose manifest hardship on the defendant, the court may waive payment of all or part of the application fee." The Kansas Supreme Court has interpreted K.S.A. 22-4529 to mean that "the district court should determine the propriety of imposing the application fee at the time of the initial determination to appoint counsel" and that such determination "does not require any subsequent findings by the district court at sentencing." *State v. Bonner*, 290 Kan. 290, 304-05, 227 P.3d 1 (2010); see *State v. Hawkins*, 285 Kan. 842, 853, 176 P.3d 174 (2008); *State v. Travelbee*, No. 110,348, 2014 WL 5312939, at *9 (Kan. App. 2014) (unpublished opinion).

5

Here, there is nothing in the record to suggest that Ellis ever argued that imposition of the BIDS application fee would constitute a manifest hardship or that he ever called upon the district court to make such a finding. Because the district court determined the propriety of imposing the application fee at the time it appointed counsel, it was not required to make any subsequent findings at sentencing. Thus, we affirm the district court on this issue.

*Imposition of Senate Bill 123 Assessment Fee*

Finally, Ellis contends that the district court failed to comply with K.S.A. 2016 Supp. 75-52,144(d) by failing to consider his financial resources before ordering him to pay the $200 SB 123 assessment fee. Because this issue requires the interpretation of a statute, it is a question of law over which we exercise unlimited review. *Collins*, 303 Kan. at 473-74. In attempting to determine legislative intent, we examine the statutory language by giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). Only if a statute's language is ambiguous are we to resort to the canons of statutory construction or look to legislative history to construe the legislature's intent. 303 Kan. at 813.

K.S.A. 2016 Supp. 75-52,144(d), in relevant part, provides:

"The sentencing court shall determine the extent, if any, that [an offender] is able to pay for [a SB 123] assessment and treatment. . . . If such financial obligations are not met or cannot be met, the sentencing court shall be notified for the purpose of collection or review and further action on the offender's sentence."

The statute plainly requires a sentencing court to first determine the extent, if any, to which a defendant may be able to pay the SB 123 assessment fee before imposing this financial obligation. Here, there is nothing in the record to show that the district court made such a determination before ordering that Ellis pay the SB 123 assessment fee.

6

Thus, we also vacate this portion of Ellis' sentence and remand to the district court the issue of whether Ellis should be required to pay for his SB 123 drug assessment.

Affirmed in part, dismissed in part, vacated in part, and remanded for resentencing.