(194 P.3d 31)
Nos. 98,796
98,797

STATE OF KANSAS, *Appellee*, v. ERIC PAUL LOGGINS, *Appellant*.

Opinion filed October 17, 2008.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Robert D. Hecht*, district attorney, *Jamie L. Karasek*, assistant district attorney, and *Stephen N. Six*, attorney general, for appellee.

Before MALONE, P.J., ELLIOTT and MARQUARDT, JJ.

MALONE, J.: Eric Paul Loggins appeals his sentences following his convictions of felony theft in two separate cases. Loggins claims the district court erred in calculating his criminal history score for the purpose of determining his sentences. He also claims the district court erred by ordering him to pay the Board of Indigents' Defense Services (BIDS) application fee in each case. Finally, Loggins claims that the imposition of a BIDS application fee under K.S.A. 22-4529 is unconstitutional.

Loggins was charged in separate cases with one count of felony theft of property having a value of at least $1,000 but less than $25,000, and one count of felony theft based on two prior theft convictions. At the first appearance in each case, the district court considered financial information submitted by Loggins, found him to be indigent, and appointed counsel to represent him. The district court assessed a $100 BIDS application fee in each case, as noted in each order appointing counsel. The district court also made payment of the BIDS application fee a condition of Loggins' appearance bond in each case.

On January 4, 2007, Loggins pled no contest as charged in each case. Under the plea agreement, the State agreed not to object to probation if Loggins' presentence investigation (PSI) report revealed a criminal history score of category C or lower. The PSI

report classified Loggins' criminal history as category B. Loggins filed a general written objection to the report prior to sentencing.

At his sentencing hearing on April 26, 2007, Loggins challenged five specific convictions included in the PSI report. Loggins denied that he was the person convicted of one count of simple robbery and two counts of violating a no contact order in Ramsey County, Minnesota, and denied that he was the person convicted of battery and obstruction of legal process in Shawnee County, Kansas. The State offered a certified journal entry as evidence of Loggins' prior Shawnee County convictions. The State also offered authenticated copies of computer printouts of court records from the district court of Ramsey County, Minnesota, as evidence of Loggins' Minnesota convictions.

After considering the evidence, the district court found that the State sufficiently proved Loggins' criminal history to be category B and sentenced him to a 14 months' incarceration in each case, to be served concurrently. The district court waived the assessment of attorney fees to reimburse BIDS for Loggins' court-appointed counsel but ordered Loggins to pay the $100 BIDS application fee in each case. Loggins timely appeals.

### Determination of criminal history

Loggins first claims the district court erred in finding that the State met its burden to prove the prior Minnesota convictions. Although Loggins also objected in district court to two prior convictions in Shawnee County, Kansas, Loggins does not challenge the existence of those convictions on appeal. An issue not briefed by an appellant is deemed waived or abandoned. *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007).

The State has the burden to prove a defendant's criminal history by a preponderance of the evidence for the purpose of sentencing the defendant. K.S.A. 21-4715(a). This burden is satisfied by the summary of the defendant's convictions set forth in the PSI report unless the defendant objects to the report. K.S.A. 21-4715(b). In the case of an objection, K.S.A. 21-4715(c) provides:

"Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written

notice of any error in the proposed criminal history worksheet. Such notice shall specify the exact nature of the alleged error. The state shall have the burden of producing further evidence to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history and the sentencing judge shall allow the state reasonable time to produce such evidence to establish the disputed portion of the criminal history by a preponderance of the evidence."

On appeal, the State contends that Loggins failed to properly raise his objection to the PSI report and, therefore, the State had no burden of producing further evidence of Loggins' criminal history at the sentencing hearing. Loggins' written objection to the PSI report was general and failed to identify the specific convictions that Loggins was challenging. K.S.A. 21-4715(c) requires the defendant to specify the exact nature of any alleged error in a PSI report. The State is correct that a general objection to the PSI report is usually insufficient to require the State to produce further evidence of the defendant's criminal history. *State v. Sykes*, 35 Kan. App. 2d 517, 538, 132 P.3d 485, *rev. denied* 282 Kan. 795 (2006).

However, the State is raising this argument for the first time on appeal. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Shopteese*, 283 Kan. 331, 339, 153 P.3d 1208 (2007). Loggins followed his general written objection to the PSI report with specific objections at the sentencing hearing. The State produced further evidence of Loggins' criminal history without raising any procedural objections. Accordingly, we will address the merits of Loggins' claim that the State failed to meet its burden to prove the prior Minnesota convictions.

Whether the State has met its burden to prove a prior conviction by a preponderance of the evidence is a question of fact, and an appellate court's review is limited to determining whether substantial competent evidence supports the district court's finding. *State v. Hankins*, 19 Kan. App. 2d 1036, 1049, 880 P.2d 271 (1994). Substantial evidence is evidence possessing both relevance and substance and which provides a substantial basis of fact from which the issues can reasonably be determined. Specifically, substantial evidence refers to legal and relevant evidence that a reasonable person would accept as being adequate to support a conclusion. *Walker*, 283 Kan. at 594-95.

Loggins does not contest the authenticity or admissibility of the documents obtained from the Minnesota court, which were offered by the State to prove his convictions. Instead, Loggins argues that the documents were deficient because they were not journal entries and because the information contained in the documents was insufficient to prove either that the convictions existed or that Loggins was the person convicted.

A certified journal entry is the *best* evidence of a prior conviction. *State v. Presha*, 27 Kan. App. 2d 645, 646-47, 8 P.3d 14, *rev. denied* 269 Kan. 939 (2000). However, a journal entry is not the *only* permissible form of evidence to prove a defendant's criminal history. 27 Kan. App. 2d at 647-48. In *State v. White*, 23 Kan. App. 2d 363, 372, 931 P.2d 1250, *rev. denied* 261 Kan. 1089 (1997), this court upheld a criminal history finding based on authenticated letters from the California Youth Authority that included information identical to that revealed in the PSI report. In *State v. Connell*, No. 97,361, unpublished opinion filed March 28, 2008, *rev. denied* 286 Kan. 1181 (2008), documents characterized as docket notes that accompanied a journal entry of probation violation were held sufficient to support a finding of a prior conviction. In *State v. Arnold*, No. 91,962, unpublished opinion filed February 18, 2005, *rev. denied* 279 Kan. 1008 (2005), a criminal felony information, along with an order placing the defendant on probation and a copy of the criminal docket, were deemed sufficient to support a finding of the defendant's criminal history.

Here, the State offered Exhibits 1 through 4 at the sentencing hearing in order to prove Loggins' Minnesota convictions. The exhibits included authenticated printouts of computer screens from the district court of Ramsey County, Minnesota, including criminal case summaries, activity summaries, traffic displays, and a status history report. Loggins' conviction of simple robbery is shown in State's Exhibit 1. This exhibit includes a criminal case summary and an activity summary in case 62-K0-02-004134. The criminal case summary contains Loggins' identifying information, including his name, alias, date of birth, sex, race, and ethnicity. This page also contains information relating to the disputed conviction, including the crime charged, statute violated, date of offense, plea,

verdict, and type and name of defense counsel. The document specifies that Loggins pled guilty and was convicted of simple robbery committed on November 7, 2002. The activity summary contains information relating to all activity in the case and includes the name of the presiding judge, date of sentencing, and Loggins' sentence.

The information in State's Exhibit 1 is sufficient to show by a preponderance of the evidence that Loggins was convicted of simple robbery in Ramsey County, Minnesota. It is an authenticated court record, as required by K.S.A. 60-465. While it is not a journal entry, it contains much of the same information required of a journal entry under K.S.A. 22-3426. Furthermore, the case number listed in the documentation from Minnesota is corroborated in the PSI report.

Loggins' two convictions of violating a no contact order are shown in State's Exhibits 2 and 3. These exhibits include traffic display printouts accompanied by activity summaries. Both documents contain Loggins' identifying information, including his name, date of birth, race, and ethnicity. The documents also contain information relating to the offense, including the crime charged, statute violated, plea, sentence, and case number. The documents specify that Loggins pled guilty and was convicted and sentenced in two separate cases for violating a no contact order. Furthermore, the case numbers listed in the documents are corroborated in the PSI report. This evidence sufficiently proves that it is more likely than not that Loggins was convicted in Ramsey County, Minnesota, of two counts of violating a no contact order.

The State offered additional evidence confirming Loggins' identity as the convicted party, which Loggins does not dispute on appeal. Exhibit 4 is a status history report, which contains a photograph of Loggins. The report also contains Loggins' full name and birth date, both of which are identical to those listed on all the disputed documents. Further, the report contains Loggins' social security number, which is corroborated in the PSI report.

The district court's finding that the State sufficiently proved Loggins' Minnesota convictions is supported by substantial competent evidence. Therefore, the district court did not err in clas-

sifying Loggins' criminal history as category B and sentencing him accordingly.

## BIDS application fee

Next, Loggins claims the district court erred by ordering him to pay the $100 BIDS application fee in each of his two cases. Loggins argues that the district court failed to consider whether he had the ability to pay the application fees and the burden such payment would impose. Loggins further argues that the district court failed to consider whether payment of the application fees would impose a manifest hardship.

The payment of the BIDS application fee is controlled by K.S.A. 22-4529. The interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

K.S.A. 22-4529 is part of a statutory scheme that provides defense services to indigent defendants. See K.S.A. 22-4501 *et seq.* Under this scheme, a defendant who requests appointed counsel is required to file financial information supporting the defendant's claim of indigency. K.S.A. 22-4504; K.A.R. 105-4-1. If counsel is appointed and the defendant is convicted, the district court may order the defendant to reimburse BIDS for his or her attorney fees. K.S.A. 22-4513. The defendant may also be liable for an application fee for court-appointed counsel under K.S.A. 22-4529, which provides:

"Any defendant entitled to counsel pursuant to K.S.A. 22-4503, and amendments thereto shall pay an application fee in the amount of $50 for the period commencing on the effective date of this act and ending on June 30, 2004, and the amount of $100 on or after July 1, 2004, to the clerk of the district court. If it appears to the satisfaction of the court that payment of the application fee will impose manifest hardship on the defendant, the court may waive payment of all or part of the application fee. All moneys received pursuant to this section shall be remitted to the state treasurer in accordance with the provisions of K.S.A. 75-4215, and amendments thereto. Upon receipt of each such remittance, the state treasurer shall deposit the entire amount in the state treasury to the credit of the indigents' defense services fund. If the defendant is acquitted or the case is dismissed, any application fee paid pursuant to this section shall be remitted to the defendant."

Before analyzing the assessment of the BIDS application fee under K.S.A. 22-4529, it is instructive for purposes of distinction to examine the assessment of the BIDS attorney fees under K.S.A. 22-4513. This statute provides that in determining the amount and method of payment of attorney fees, "the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 22-4513(b). In *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006), the Supreme Court interpreted this statute to mean that before ordering a defendant to reimburse BIDS for attorney fees, the district court must consider on the record at the time of sentencing the financial resources of the defendant and the nature of the burden that payment of the attorney fees will impose. If the district court fails to make explicit findings on the record regarding the assessment of attorney fees, the case must be remanded to the district court to consider the appropriate findings. 281 Kan. at 548. Although the dispute in *Robinson* concerned fees under both K.S.A. 22-4513 and K.S.A. 22-4529, the court did not distinguish between the two statutes and made no independent ruling on the requirements of K.S.A. 22-4529. 281 Kan. at 539-41, 546-48.

In *State v. Hawkins,* 285 Kan. 842, Syl. ¶¶ 5-7, 176 P.3d 174 (2008), the Supreme Court clarified that the BIDS application fee is governed by K.S.A. 22-4529 rather than by K.S.A. 22-4513, which governs BIDS attorney fees. In interpreting K.S.A. 22-4529, the court found that when a defendant applies for a court-appointed attorney in any case, the district court must make a determination whether the defendant is indigent, in full or in part, based upon the defendant's affidavit and other evidence brought to the court's attention. In conjunction with the indigency determination, the district court should make the additional determination whether payment of the application fee will impose a manifest hardship on the defendant. If so, the court should waive all or part of the application fee; otherwise, the court should order the defendant to pay the application fee at that time. 285 Kan. 842, Syl. ¶ 6. If any part of the application fee remains unpaid at the time of sentencing, the district court may include the unpaid fee in its

sentencing order without making any additional findings. 285 Kan. 842, Syl. ¶ 7.

Here, Loggins applied for court-appointed counsel in each of his cases, and the district court assessed the BIDS application fee at the time counsel was appointed, as noted on the bond form and the order appointing counsel in each case. There is no evidence that Loggins paid the application fees prior to sentencing. At the sentencing hearing, the district court expressly waived the assessment of the BIDS attorney fees, but the district court renewed its prior order for Loggins to pay the BIDS application fee in each case. The journal entry of judgment in each case also included the assessment of the applicable BIDS application fee.

On appeal, Loggins argues that the district court erred in assessing the BIDS application fees because the district court failed to consider at sentencing whether Loggins had the ability to pay the application fees and the burden such payment would impose. However, these findings only apply to the assessment of the BIDS attorney fees under K.S.A. 22-4513. See *Robinson*, 281 Kan. at 546. These findings are not required at sentencing in order to assess any BIDS application fee under K.S.A. 22-4529. The court in *Hawkins* specifically stated that once an application fee is initially assessed, if any part of the application fee remains unpaid at the time of sentencing, the district court may include any unpaid fee in its sentencing order without making any additional findings. 285 Kan. 842, Syl. ¶ 7; see *State v. Scaife*, 286 Kan. 614, Syl. ¶ 7, 186 P.3d 755 (2008).

Loggins also argues that the district court erred because it did not explicitly determine on the record whether payment of the BIDS application fees would impose a manifest hardship on Loggins at the time the application fees were initially assessed. Loggins claims that his cases should be remanded to the district court to consider the appropriate findings. Here, the record reflects that the district court assessed the BIDS application fee at the time counsel was initially appointed to represent Loggins in each case. Loggins is correct that there is nothing in the record to reflect whether the district court considered if the payment of the application fees would impose a manifest hardship on Loggins. K.S.A.

22-4529 provides that the district court may waive payment of all or part of the application fee if the court finds that payment of the fee will impose a manifest hardship on the defendant. However, there is no language in the *Hawkins* opinion which requires this determination to be explicitly stated on the record. In fact, in *Hawkins* the court remanded the case to the district court only for appropriate findings regarding the assessment of the BIDS attorney fees, and the court upheld the BIDS application fee assessed without any finding in the record whether payment of the fee would impose a manifest hardship on the defendant.

K.S.A. 22-4513(b) contains mandatory language that before assessing the BIDS attorney fees at sentencing, the district court "shall" take into account the financial resources of the defendant and the nature of the burden that payment of the attorney fees will impose. In *Robinson,* the court interpreted K.S.A. 22-4513(b) to require the district court to explicitly state its findings on the record regarding the assessment of attorney fees. Regarding an application fee under K.S.A. 22-4529, the statute contains permissive language that the district court "may" waive payment of all or part of the application fee if the court finds that payment of the fee will impose a manifest hardship on the defendant. This provision involves the waiver of the fee rather than its assessment. The fact that this language is permissive, rather than mandatory, supports a conclusion that the district court is not required to explicitly make this determination on the record.

A district court is presumed to know the law. *State v. Johnson,* 258 Kan. 61, 65, 899 P.2d 1050 (1995). Here, we can presume that the district court was aware that it could have waived payment of all or part of the BIDS application fee when it initially assessed the fee against Loggins in each case. However, the district court did not do so. The application fees remained unpaid at the time of sentencing. At the sentencing hearing, the district court expressly waived the assessment of the BIDS attorney fees, but the district court renewed its prior order for Loggins to pay the BIDS application fee in each case. The journal entry of judgment in each case also included the assessment of the BIDS application fee. This is consistent with the procedure set forth in *Hawkins*. Thus, the dis-

trict court did not err in assessing the BIDS application fee against Loggins in each of his two cases, and there is no need to remand the cases to the district court for further findings.

### Constitutionality of K.S.A. 22-4529

Finally, Loggins claims that K.S.A. 22-4529 violates an indigent defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution and § 10 of Kansas Constitution Bill of Rights. Loggins did not challenge the constitutionality of K.S.A. 22-4529 in district court. Constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court for review. *State v. Gaudina*, 284 Kan. 354, 372, 160 P.3d 843 (2007). Among the exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal is when consideration of the theory is necessary to serve the ends of justice or to prevent a denial of fundamental rights. *Hawkins*, 285 Kan. at 845. Because the right to counsel is a fundamental right, we will briefly consider the merits of Loggins' constitutional claim.

Loggins argues that the mandatory BIDS application fee under K.S.A. 22-4529 unnecessarily chills a defendant's constitutional right to counsel and violates a defendant's constitutional rights to due process and equal protection. In *State v. Casady*, 40 Kan. App. 2d 335, Syl., 191 P.3d 1130 (2008), *aff'd* 289 Kan. 150, 210 P.3d 113 (2009), this court considered the same arguments and held the provisions of K.S.A. 22-4529 to be constitutional. We adopt the reasoning set forth by this court in *Casady*, and we incorporate the holding of that decision in rejecting Loggins' constitutional claim.

Affirmed.