NOT DESIGNATED FOR PUBLICATION

No. 127,832

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARTEZ JOE SPRIGGS,
*Appellant*,

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Submitted without oral argument. Opinion filed December 26, 2025. Affirmed.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

CRAVER, J.: Cartez Joe Spriggs pled guilty to an amended charge of robbery, a severity level 5 person felony. Before sentencing, he challenged three prior misdemeanor convictions used to calculate his criminal history score, arguing the records did not show he had counsel in those cases. The district court found the prior convictions were counseled and imposed the mitigated sentence of 122 months' imprisonment. Spriggs now appeals, claiming the court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by engaging in unconstitutional judicial fact-finding.

1

After reviewing the record and the applicable law, Spriggs' sentence is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Spriggs pled guilty to an amended charge of robbery, a severity level 5 person felony. Under the plea agreement, both parties agreed to recommend the mitigated sentence and to not seek any departure.

The presentence investigation (PSI) report reflected a criminal history score of A. Before sentencing, defense counsel filed a written objection to the PSI report, challenging three prior person misdemeanor convictions from Illinois (entries 1, 2, and 3) used to enhance the score. Counsel argued those convictions—dating from 2007 and 2008—could not be counted because Spriggs was not represented by counsel when they occurred. The district court continued sentencing to allow the State time to obtain supporting records.

At the continued hearing, the State introduced documents from St. Clair County, Illinois, to show Spriggs had counsel in each of the three prior cases. The prosecutor explained that handwritten notations on the documents, according to the local clerk's office, indicated Spriggs had representation at the time of conviction for entries 1 and 2. Regarding entry 3, the State submitted a document that was filled out and file-stamped nearly 10 years after the conviction.

Defense counsel objected to all three documents, arguing they failed to prove Spriggs had counsel in any of the cases. The district court found the State met its burden and showed by a preponderance of the evidence these were counseled person misdemeanor convictions and determined the journal entries showed representation. The court imposed the mitigated sentence of 122 months with the Kansas Department of Corrections.

Spriggs timely appealed.

<br>

ANALYSIS

On appeal, Spriggs argues that the district court violated his constitutional rights under *Apprendi* when it, and not a jury, found that he was represented by counsel in his prior person misdemeanors. Spriggs argues that under *Apprendi*, any fact—other than the existence of a prior conviction—that increases the penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. He maintains that whether a defendant was represented by counsel in a prior conviction is such a fact because it affects the length of a sentence and therefore must be determined by a jury rather than the court.

*Preservation of Issue*

The State argues that Spriggs failed to preserve this issue on appeal because his argument to this court is different than the argument he raised to the district court.

Typically, an issue not raised before the district court is not allowed to be raised at the appellate level. However, an appellate court may review an issue raised before it for the first time if it falls within a recognized exception. *State v. Robison*, 314 Kan. 245, 247-48, 496 P.3d 892 (2021). One of those exceptions is when consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights. 314 Kan. at 247-48. The right to a jury trial—including the right to have any fact that increases the maximum penalty for an offense, other than the fact of a prior conviction, submitted to a jury and proved beyond a reasonable doubt—is a fundamental right protected by section 5 of the Kansas Constitution Bill of Rights and the Sixth Amendment to the United States Constitution. See *State v. Rizo*, 304 Kan. 974, 979-80, 377 P.3d 419 (2016). The decision to review an unpreserved claim under an exception is a prudential one. *State v. Gray*, 311

Kan. 164, 170, 459 P.3d 165 (2020). Even if an exception would support a decision to review a new claim, the court has no obligation to do so. 311 Kan. at 170.

The Kansas Supreme Court has previously considered unpreserved *Apprendi* issues on appeal when they implicated fundamental constitutional rights. *State v. Conley*, 270 Kan. 18, 31, 11 P.3d 1147 (2000). In *Conley*, the court reviewed an *Apprendi* claim even though it had not been raised below, recognizing that the alleged error—judicial fact-finding increasing a defendant's sentence beyond the statutory maximum— implicated a fundamental right to a jury determination of all elements necessary to authorize the sentence imposed. Consistent with that approach, appellate courts may exercise discretion to review unpreserved *Apprendi*-based challenges when necessary to protect a defendant's constitutional right to a jury trial and to ensure the integrity of the sentencing process. See 270 Kan. at 34-35.

The right to counsel is also a fundamental right. *Khalil-Alsalaami v. State*, 313 Kan. 472, 484-85, 486 P.3d 1216 (2021). In *Khalil-Alsalaami*, the Kansas Supreme Court reaffirmed that the right to counsel is essential to ensuring a fair trial and the proper functioning of the criminal justice system. 313 Kan. at 485. The court emphasized that this constitutional protection extends beyond the trial itself, encompassing all critical stages of a criminal proceeding. 313 Kan. at 487. The absence of counsel, or the failure to validly waive that right, undermines the integrity of the conviction and the reliability of any subsequent sentencing determination. See *United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005). Because this right is fundamental under the Sixth and Fourteenth Amendments, claims implicating the right to counsel warrant appellate consideration even when not preserved below. *State v. Loggins*, 40 Kan. App. 2d 585, 595, 194 P.3d 31 (2008).

The issue raised by Spriggs concerns the denial of a fundamental right. See *In re A.S.*, 319 Kan. 396, 401-02, 555 P.3d 732 (2024). He argues that the district court erred

by increasing Spriggs' sentence when it, rather than a jury, found that Spriggs had been counseled in his prior person misdemeanor convictions. He argues that under *Apprendi*, his fundamental right to counsel was denied. We find that an exception applies. Further, this court is not addressing the argument Spriggs made to the district court, as it has not been briefed and is therefore deemed waived or abandoned. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

*Jurisdiction*

The State asserts that this court lacks jurisdiction to consider the appeal because Spriggs received a presumptive sentence. The State reasons that Spriggs' 122-month sentence falls within the presumptive range based on his criminal history score and the severity level of his conviction. According to the State, the sentence remains presumptive even if Spriggs' criminal history score were a B.

Spriggs was convicted of robbery, a severity level 5 person felony. K.S.A. 21-5420(c)(1). Under K.S.A. 21-6804, the sentencing range for a severity level 5 felony extends from 31 to 136 months, depending on the defendant's criminal history score. With a criminal history score of A, the aggravated term is 136 months, the standard term is 130 months, and the mitigated term is 122 months. With a score of B, the aggravated term is 128 months, the standard term is 120 months, and the mitigated term is 114 months.

The State maintains that because Spriggs' 122-month sentence falls within the sentencing range of either grid box—whether his criminal history score is an A or a B—the sentence is presumptive, depriving this court of jurisdiction under K.S.A. 21-6820(c)(1).

That argument, however, misapplies the definition of a presumptive sentence. The Kansas Sentencing Guidelines Act defines a presumptive sentence as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 21-6803(q). When a sentence is imposed from the wrong grid block—because the criminal history classification was incorrect—it does not qualify as a presumptive sentence under that statutory definition. See *State v. Lamia-Beck*, 318 Kan. 884, 887-88, 549 P.3d 1103 (2024).

Accordingly, if Spriggs is correct that his criminal history score was miscalculated, his sentence was not derived from the proper grid block. Under those circumstances, this court retains jurisdiction to consider whether Spriggs received a presumptive sentence within the meaning of K.S.A. 21-6803(q) and K.S.A. 21-6820(c)(1).

*Standard of Review*

Whether a defendant's constitutional rights as described under *Apprendi* were violated by the district court's sentencing raises a question of law subject to unlimited review. *State v. Nunez*, 319 Kan. 351, 353, 554 P.3d 656 (2024).

Apprendi*'s Application to a Defendant's Criminal History Score*

Spriggs raises one issue on appeal: whether judicial fact-finding that a defendant had counsel or validly waived the right to counsel in a prior conviction—when used to calculate a criminal history score—violates the Sixth Amendment to the United States Constitution.

The issue centers on the balance between the Sixth Amendment right to a jury trial and the sentencing framework that permits prior convictions to enhance a defendant's sentence. Under *Apprendi*, any fact that increases the penalty beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt, except for the fact of a prior conviction. 530 U.S. at 490.

Spriggs argues that determining whether he was represented by counsel in his prior misdemeanor convictions extends beyond that narrow *Apprendi* exception. He maintains that a judge may find only the existence of a prior conviction, not additional circumstances surrounding it. Relying heavily on *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024), he contends that the district court's finding—that he had counsel for his prior convictions—was unconstitutional judicial fact-finding.

In *Erlinger*, the Supreme Court held that determining whether prior convictions occurred on separate occasions to meet enhanced sentencing requirements under the Armed Career Criminal Act violated *Apprendi* because it required judicial fact-finding beyond the bare existence of a conviction. *Erlinger*, 602 U.S. at 834-35. Spriggs analogizes that reasoning here, asserting that the district court's review of records to determine representation by counsel likewise exceeded the exception.

This argument overstates the scope of *Erlinger*. Whether a defendant had counsel is generally established by examining the face of the judicial records. It does not require courts to engage in new fact-finding. Kansas appellate decisions recognize that this limited review falls outside the scope of *Apprendi*. See *State v. Emery*, 66 Kan. App. 2d 42, 47-49, 577 P.3d 620 (2025); *State v. Marshall*, No. 119,710, 2019 WL 5849911, at *6-7 (Kan. App. 2019) (unpublished opinion).

Spriggs also cites *Erlinger*'s caution about relying on so-called *Shepard* documents—plea agreements, plea colloquies, and judicial records—that may contain

7

immaterial inaccuracies. *Erlinger*, 602 U.S. at 841; see *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). But whether a defendant had or waived counsel is not an immaterial detail. And Kansas law provides defendants with a direct avenue to challenge prior convictions obtained without counsel. *State v. Roberts*, 314 Kan. 316, 331-32, 498 P.3d 725 (2021).

Because the fact-finding at issue does not concern the facts or circumstances underlying the commission of the prior offenses, but instead involves the validity and existence of those convictions, it falls within the *Apprendi* exception permitting judicial findings as to prior convictions. Determining whether a defendant was represented by counsel—or knowingly and voluntarily waived that right—does not require the court to resolve factual disputes about the conduct giving rise to the prior offense. Rather, the inquiry is limited to the review of court records to ensure the prior conviction is constitutionally valid and properly considered in calculating criminal history.

Kansas courts have long recognized that the criminal history of a defendant is a matter for the sentencing court, not the jury. See *State v. Hughes*, 290 Kan. 159, 162, 224 P.3d 1149 (2010); *State v. Ivory*, 273 Kan. 44, 47, 41 P.3d 781 (2002). In *Ivory*, 273 Kan. at 44, the Kansas Supreme Court held that judicial determination of a defendant's criminal history for sentencing purposes does not violate *Apprendi*. Likewise, in *Hughes*, the court reaffirmed that the use of prior convictions to enhance a sentence does not implicate the Sixth Amendment because those convictions have already been established through proceedings that afforded the defendant the right to counsel and the right to a jury trial. See 290 Kan. at 167.

Determining whether a defendant had or validly waived counsel in a prior case is part of confirming the existence and constitutional validity of those convictions. This review ensures the accuracy of a defendant's criminal history and compliance with

constitutional protections, without adding new facts that would increase the statutory penalty beyond what the Legislature authorizes.

Because the district court's determination was limited to reviewing official court documents to confirm that Spriggs' prior convictions were counseled, it did not involve independent judicial fact-finding about the underlying crimes. As this inquiry concerns only what appears on the face of the record—not the facts or circumstances of the prior offenses—*Apprendi* does not prohibit a sentencing judge from determining whether a defendant had, or validly waived, counsel in a prior conviction when calculating criminal history. See *Emery*, 66 Kan. App. 2d at 51.

Affirmed.

\* \* \*

ISHERWOOD, J., concurring: I agree with the majority's decision to affirm Cartez Joe Spriggs' sentence but write separately because I do not believe we should delve into the merits of the *Apprendi* claim he has raised for the first time on appeal. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

I recognize that Kansas appellate courts have considered *Apprendi* issues for the first time on appeal. See, e.g., *State v. Campbell*, 307 Kan. 130, 136, 407 P.3d 240 (2017) (analyzing an *Apprendi* claim for the first time on appeal despite existence of controlling adverse precedent). But it is equally true that our reviewing courts have declined to consider constitutional matters, including *Apprendi* claims, raised for the first time on appeal, deferring instead to our preservation rules. *State v. Mendez*, 319 Kan. 718, 730-31, 559 P.3d 792 (2024) (declining to consider a challenge to the constitutionality of premeditated first-degree murder statute for the first time on appeal); *State v. J.L.J.*, 318

9

Kan. 720, 739-40, 547 P.3d 501 (2024) (declining to consider for the first time on appeal that adult certification process involved impermissible and unconstitutional judicial fact-finding); *State v. King*, No. 127,569, 2025 WL 2682451, at *3 (Kan. App. 2025) (unpublished opinion); *State v. Wicks*, No. 127,785, 2025 WL 2682411, at *3-4 (Kan. App. 2025) (unpublished opinion). Even in those instances when an exception to those rules applies, appellate courts are under no obligation to apply the exception. *Mendez*, 319 Kan. at 730; *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

Spriggs claims that his constitutional rights under *Apprendi* were violated when the district court, rather than a jury, determined that Spriggs was represented by counsel when he obtained his convictions for the prior misdemeanors. In my view, this contention is arguably a very close cousin to the issue he litigated before the district court—that his prior misdemeanor convictions were uncounseled. Thus, the natural progression easily would have been and, should have been, that when the district court concluded that Spriggs had the benefit of counsel during those prior proceedings, Spriggs should have then asserted that in making that determination the district court strayed into an area that the United States and Kansas Constitutions require a jury to consider.

The preservation requirement "ensures that trial courts have the first opportunity to address and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party." *State v. Jelinek*, 66 Kan. App. 2d 158, 163, 577 P.3d 662 (2025). For the preceding reasons, I would exercise our discretion to decline to afford Spriggs the benefit of the exceptions to excuse his failure to preserve the issue and refuse to consider his claim.